USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 9/16/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                    Plaintiff,

      -against-

LEONARD T. KEFF,

                    Defendant.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

07 Civ. 3549 (DAB) (GAY)

TO THE HONORABLE DEBORAH A. BATTS, United States District Judge:

On or about May 3, 2007, the United States commenced this action pursuant to 26 U.S.C. §§ 7401, 7402 and 7403 against defendant Leonard Keff, to reduce to judgment tax assessments against Mr. Keff for unpaid taxes, penalties and interest. Presently before this Court is plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP"), wherein the Government seeks to reduce to judgment tax liabilities totaling $205,390.85 assessed against Mr. Keff for the tax years 1993 and 1995. For the reasons that follow, I respectfully recommend that the Government's motion should be granted.

## I. BACKGROUND

On or about January 31, 1996, the Internal Revenue Service ("IRS") issued a notice of assessment and demand for payment to Mr. Keff in the amount of $73,348.32 for a trust fund recovery penalty for the 1993 tax year related to his corporation, Chrysler Knitting Mills, Inc. On or about September 16, 1996, the IRS issued a second notice of assessment and demand for payment to Mr. Keff in the amount of $18,756.00

for unpaid income tax for the 1995 tax year. Mr. Keff failed to respond to either notice of assessment. Subsequently, the IRS assessed additional interest and penalties against Mr. Keff which had accrued on both delinquencies. As of the date of the instant complaint, Mr. Keff's tax liabilities totaled $174,206.86, including taxes, interest, fees and statutory additions.

Defendant, through counsel, answered the complaint on or about October 13, 2007. On or about January 8, 2008, defendant's attorney filed a motion to withdraw from the case (Docket #7), on the grounds that defendant was uncooperative and not always candid with the information he provided to counsel. Judge Robinson granted the motion to withdraw during a pretrial conference held on September 12, 2008. Defendant did not obtain new counsel and, to date, remains *pro se*.

Since the filing of the Complaint, this action has been repeatedly stayed during the pendency of three separate Chapter 13 bankruptcy actions filed by Mr. Keff in 2008, 2009 and 2010. See In re Leonard Keff, 08-36904 (dismissed Feb. 19, 2009); In re Leonard Keff, 09-36014 (dismissed May 21, 2010); In re Leonard Keff, 10-37823 (dismissed Feb. 23, 2011). Meanwhile, statutory additions, penalties and interest continued to accrue. Thus, as of March 25, 2011, Mr. Keff owes a balance of $155,125.67 for his unpaid trust fund recovery penalty and a balance of $50,265.18 for unpaid income taxes. His aggregate tax liability as of the date of the instant motion is, therefore, $205,390.85.

The Government filed the instant motion on or about March 25, 2011. Plaintiff's Certificate of Service, attached to the instant motion, indicates that defendant was served with a copy of the motion and all supporting documents, including a Notice to

Pro Se Litigant Who Opposes a Motion For Summary Judgment as required by Southern District Local Rule 56.2. Defendant did not file an opposition to the Government's motion.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See FRCP 56(c). A fact is material when its resolution would "affect the outcome of the suit under the governing law" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of demonstrating that no genuine issue respecting any material fact exists. See Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005). If the moving party meets its burden, the burden shifts to the opposing party to come forward with "specific facts showing that there is a genuine issue for trial." See FRCP 56(e). To defeat summary judgment, the non-movant must go beyond the pleadings and "do more than simply show that there is some metaphysical doubt as to the material facts." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

When deciding a summary judgment motion, the court must resolve all ambiguities and draw all factual inferences in favor of the party opposing the motion. See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999). The Court's role is not to decide issues of fact; the question is whether, in light of the evidence, a rational jury

could find in favor of the nonmoving party. See Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1224 (2d Cir. 1994). Summary judgment must be denied, therefore, if the court finds "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." See Anderson, 477 U.S. at 250.

## III. DISCUSSION

Pursuant to 26 U.S.C. 7402(a), the Government may proceed in district court to obtain a judgment for amounts assessed by the IRS against a taxpayer. "It is well established that the IRS's tax calculations (including calculations of interest and penalties) are presumptively valid and create a prima facie case of liability, such that the Government is entitled to have the assessment reduced to judgment unless the taxpayer overcomes the presumption by the IRS that the assessment is correct." United States v. Chrein, 368 F. Supp.2d 278, 282 (S.D.N.Y. 2005) (quotation and citation omitted). Thus, the taxpayer bears the burden of proving the invalidity of the tax assessment. See R.E. Dietz Corp. v. United States, 939 F.2d 1, 4 (2d Cir. 1991). "To defeat a motion for summary judgment, the taxpayer must not only show that the assessment is incorrect, but it must also prove the correct amount of the tax." Chariot Plastics, Inc. v. United States, 28 F. Supp.2d 874, 882 (S.D.N.Y. 1998).

In support of its motion for summary judgment, the Government submitted certified records (Form 4340) reflecting the January 31, 1996 notice of assessment in the amount of $73,348.32 and the September 16, 1996 notice of assessment in the amount of $18,756.00. See Exhibits A and B annexed to the Declaration of Luann J. Bodanza. Plaintiff also proffers the Declaration of Ms. Bodanza, an IRS Revenue

4

Officer-Advisor, in which she states that statutory additions, penalties and interest have accrued as to both delinquencies resulting in an aggregate liability of $205,390.85. Mr. Keff has not opposed or otherwise responded to the instant motion. The IRS's calculations are presumptively valid; Mr. Keff has failed to prove the invalidity of the assessments in question. Accordingly, because there is no material issue in dispute, I respectfully recommend that plaintiff's motion for summary judgment should be granted.

## IV. CONCLUSION

For all of the foregoing reasons, I conclude, and respectfully recommend, that the Court reduce to judgment the tax liabilities totaling $205,390.85 assessed against Mr. Keff for the tax years 1993 and 1995.

## V. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(c), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Deborah A. Batts, United States District Court, Southern District of New York, 500 Pearl Street, New York, New York 10007, and to the chambers of the undersigned at 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Deborah A. Batts and not to the undersigned.

Dated: September 16, 2011
White Plains, New York

Respectfully Submitted:

_____
GEORGE A. YANTHIS, U.S.M.J.